FRANK CERIO *vs.* DONALD A. MARQUE.

APRIL 16, 1962.

PRESENT: Condon, C. J., Paolino, Powers and Frost, JJ.

FROST, J. This is an action of trespass and ejectment commenced in the district court of the fourth judicial district to obtain possession of real estate located at 74 Pequot street in the city of Warwick. From a decision for the plaintiff for possession and costs in that court, an appeal was taken by the defendant to the superior court and resulted in a verdict for him. Thereafter the trial justice denied the plaintiff's motion for a new trial and the case is

before us on his exceptions to the denial thereof, to a certain evidentiary ruling, and to the trial justice's refusal to instruct the jury as requested.

The defendant, a carpenter, entered into an oral agreement on November 6, 1947 with plaintiff to purchase the above-mentioned premises on which was a partially built house. He agreed to pay for the property the sum of $2,-200, gave a mortgage of $1,700 on which he was to pay $30 a month, and made substantial improvements on the house. Required payments under the mortgage were not all paid and on January 12, 1950, without defendant's knowledge, plaintiff foreclosed the mortgage and purchased the property himself.

The defendant contends that when he learned of the foreclosure he consulted with plaintiff, who agreed to allow him to stay on the premises without rent in order that he might make repairs and ultimately procure a mortgage. On June 13, 1951 plaintiff caused a writ of trespass and ejectment to be served to which defendant pleaded the general issue.

On our view of the case it will be necessary to consider only plaintiff's fourth exception to the refusal of the trial justice to instruct the jury as requested. The issue which was submitted to them was an alleged oral permission given by plaintiff to defendant allowing him to remain in possession without payment of rent for the purpose of making and completing repairs to the house.

At the conclusion of the instructions of the trial justice he denied plaintiff's request to instruct the jury "* * * that that reference to the agreement that was made, was an alleged agreement that was made by the defendant with the plaintiff, and that the burden was on the defendant to prove that such an agreement was made, as part of his defense, the burden is on him to offer affirmative evidence that the plaintiff entered into this agreement as alleged by the defendant."

254

While the trial justice had correctly charged the jury that the burden was on plaintiff to prove his case by a fair preponderance of the evidence, we are of the opinion that plaintiff was entitled to an instruction substantially as requested. The plaintiff's position was that he had made no oral agreement with defendant in reference to remaining on the property.

The defendant insisted that an oral agreement had been made permitting him to remain. For the defendant to prevail it was necessary for the jury to find by a fair preponderence of the evidence as to the asserted oral agreement testified to by the defendant that it was made by the plaintiff. This was an affirmative defense introduced by the defendant and like any other new matter had to be proved by the party introducing it. While the trial justice's instructions as given were correct we are of the opinion that the plaintiff was entitled to have the instruction given as requested. As the court stated in *Collier* v. *Jenks,* 19 R. I. 493, at page 496: "The burden of proving any fact lies upon the party who substantially asserts the affirmative of the issue. * * * As the defendant set up the agreement or license aforesaid as a defence to the plaintiff's action, it devolved upon him to make it out by a preponderance of evidence." See also *Gallo* v. *American Egg Co.,* 76 R. I. 450, 459.

Since there must be a new trial it is unnecessary to consider any other exception.

The plaintiff's fourth exception is sustained, and the case is remitted to the superior court for a new trial.

*Francis A. Manzi,* for plaintiff.

*Arthur L. Conaty,* for defendant.